**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RUHUL AMIN BAPARY,** | **Civil Action No. 26-3541 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.     Presently before this Court is the second petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Second Petition") by Petitioner Ruhul Amin Bapary, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility in Newark, New Jersey. ("Delaney Hall"). (ECF No. 1).[1]

2.     Petitioner is a citizen of Bangladesh. (ECF No. 6 at 1).  He entered the United States on or about March 24, 2023 and was detained by Border Patrol shortly after his arrival. (*Id.*) Border Patrol "determined that Petitioner had entered without a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I)." (*Id.* at 1-2).  Petitioner was ordered removed pursuant to 8 U.S.C. § 1225(b)(1) on March 27, 2023. (ECF No. 6-2 at 2).

3.     Petitioner filed an application for asylum on April 27, 2023. (ECF No. 6-1 at 3). He was granted interim parole set to expire on March 28, 2024. (*Id.*)

---

[1] This Court dismissed Petitioner's first habeas petition on April 1, 2026. *See Bapary v. Soto*, No. 26-cv-2388 (D.N.J. Apr. 1, 2026) (ECF No. 8).  Petitioner notes in the Second Petition that the removal order that existed at the time the first petition was filed was vacated on March 25, 2026. (ECF No. 1 at 2 n.1).  This information was not made available to this Court prior to its April 1, 2026 opinion and order.

4. Petitioner was detained by ICE on March 3, 2026.  (ECF No. 1 ¶ 2).

5. On March 19, 2026, an asylum officer concluded that Petitioner had established a credible fear of persecution.  (*Id.* ¶ 3; ECF No. 1-1 at 16-17).  His removal order was vacated pursuant to 8 C.F.R. § 208.30 on March 25, 2026, and he was referred for full removal proceedings. (ECF No. 1-1 at 1).

6. Respondents filed an answer on April 13, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii) because he is a noncitizen who "was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) had a credible-fear screener interview for an asylum claim after which an asylum officer found he had a credible fear of persecution should he be returned to his home country.  Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)."   (ECF No. 6 at 3 (internal citation omitted)).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Second Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

2

9.      Respondents assert this Court lacks subject matter jurisdiction over the Second Petition because the Second Petition concerns the "'implementation or operation of an order of removal pursuant to section 1225(b)(1)[.]'" (ECF No. 6 at 3 (quoting 8 U.S.C. § 1252(a)(2)(A)(i) (alteration in original)).  However, the § 1225(b)(1) removal order was vacated by the immigration court on March 25, 2026.  (ECF No. 1-1 at 1).  Therefore, § 1252 does not divest this Court of subject matter jurisdiction.

10.     Petitioner's detention can no longer be justified pursuant to § 1225(b)(1) since his removal order has been vacated.  In the Notice to Appear attached to the immigration judge's order, Petitioner is identified as a noncitizen "*present* in the United States who has not been admitted or paroled." (ECF No. 1-1 at 1 (emphasis added)).  That language aligns with § 1226(a), not § 1225(b)(1).

11.     This Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later.  "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019); *see also Urquilla-Ramos v. Trump*, __ F. Supp. 3d __, No. 2:26-cv-00066, 2026 WL 475069, at *17 (S.D.W. Va. Feb. 19, 2026) ("Due process is not satisfied by the existence of legal authority somewhere in the United States Code.  It is satisfied only through constitutionally adequate procedure."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit [r]espondents'

new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

12.    Therefore, this Court will grant the Second Petition and order Petitioner's release.

13.    An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: April 29, 2026

4