**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RUHUL AMIN BAPARY,** | Civil Action No. 26-3541 (SDW) |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is Petitioner Ruhul Amin Bapary's motion for attorneys' fees ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (ECF No. 11).

2.      Petitioner is a citizen of Bangladesh.  (ECF No. 6 at 1).  He entered the United States on or about March 24, 2023 and was detained by Border Patrol shortly after his arrival.  (*Id.*) Border Patrol "determined that Petitioner had entered without a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I)."  (*Id.* at 1-2).  Petitioner was ordered removed pursuant to 8 U.S.C. § 1225(b)(1) on March 27, 2023.  (ECF No. 6-2 at 2).

3.      Petitioner filed an application for asylum on April 27, 2023.  (ECF No. 6-1 at 3). He was granted interim parole set to expire on March 28, 2024.  (*Id.*)

4.      Petitioner was detained by ICE on March 3, 2026.  (ECF No. 1 ¶ 2).

5.      On March 19, 2026, an asylum officer concluded that Petitioner had established a credible fear of persecution.  (*Id.* ¶ 3; ECF No. 1-1 at 16-17).  His removal order was vacated

pursuant to 8 C.F.R. § 208.30 on March 25, 2026, and he was referred for full removal proceedings. (ECF No. 1-1 at 1).

6.      On April 29, 2026, this Court concluded that Petitioner was being unlawfully detained and ordered his release. (ECF No. 9). Petitioner was released, (ECF No. 10), and he now seeks attorneys' fees under the EAJA, (ECF No. 11). Respondents oppose the Motion. (ECF No. 12).

7.      The EAJA "provides that the prevailing private party 'in any civil action (other than cases sounding in tort)' brought by or against the United States is entitled to attorneys' fees and costs if the Government's position was not 'substantially justified' or 'special circumstances make an award unjust.'" *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 422 (3d Cir. 2026) (quoting 28 U.S.C. §2412(d)(1)(A)).

8.      In *Michelin*, the Third Circuit held as a matter of first impression that "[h]abeas challenges to immigration detention under 28 U.S.C. §2241 are civil actions." *Id.* at 425. This Court granted Petitioner's habeas petition; therefore, Petitioner is a prevailing party in a civil action against the United States.

9.      Respondents now bear the burden of proving their position was justified. *Id.* at 433.

10.     Under the EAJA, the Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)).

11.     "To satisfy this burden and defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory

2

advanced.'" *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010) (quoting *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)).

12.    "[I]n immigration cases, the Government must meet the substantially justified test twice—once with regard to the underlying agency action and again with regard to its litigation position in the proceedings arising from that action." *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005).

13.    Significantly, courts may "not assume the position of the Government was not substantially justified simply because it lost." *Michelin*, 169 F.4th at 433.

14.    This Court concludes that Respondents' pre-litigation conduct of holding Petitioner without bond was substantially justified for purposes of the EAJA.

15.    Petitioner's detention began on March 3, 2026.  (ECF No. 1 ¶ 2).  At that point in time, Petitioner was being detained pursuant to 8 U.S.C. § 1225(b)(1) because he was subject to an administratively final order of removal.  *See Bapary v. Soto*, No. 26-cv-2388, 2026 WL 892482, at *1-2 (D.N.J. Apr. 1, 2026).[1]

16.    Section 1225 provides in relevant part that "in the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained" pending removal hearings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).  Accordingly, Petitioner's detention was reasonable when his first habeas petition was filed.

---

[1] This Court dismissed Petitioner's first habeas petition on April 1, 2026.  *See Bapary v. Soto*, No. 26-cv-2388 (D.N.J. Apr. 1, 2026) (ECF No. 8).  Petitioner filed a second petition on April 2, 2026 informing this Court that the removal order that existed at the time the first petition was filed was vacated on March 25, 2026.  (ECF No. 1 at 2 n.1).  This information was not made available to this Court prior to its April 1, 2026 opinion and order.

17.     Former Attorney General William Barr issued an interim decision concluding that noncitizens who were originally placed into expedited removal proceedings but later referred to full removal proceedings—as Petitioner was once the removal order was vacated on March 26, 2026—are still subject to mandatory detention without bond. *Matter of M-S-*, 27 I. & N. Dec. 509, 515 (A.G. 2019).

18.     This Court unequivocally disagrees with that statutory interpretation as a matter of law,[2] but Respondents did no more than follow a binding administrative decision in continuing to detain Petitioner.   "Given the state of precedent on this issue, this Court finds that the Government's position was substantially justified, even if ultimately unsuccessful." *Gjergj G. v. Edwards*, No. 19-cv-5059, 2019 WL 3245104, at *2 (D.N.J. July 17, 2019) (concluding Government was substantially justified in holding noncitizen without a bond hearing as it was following administrative precedent).

19.     Petitioner argues that Respondents were not justified in their position before this Court because they "presented to this Court a legal theory that has been rejected by every … judge in the District of New Jersey, including this specific Court previously." (ECF No. 11 at 4).  The cases cited by Petitioner are distinguishable.  (See ECF No. 11 at 4 (citing cases)).  Those cases concerned the statutory interpretation of § 1225(b)(2), but Respondents did not argue to this Court that Petitioner was rightfully detained under § 1225(b)(2).  They argued that Petitioner's detention was governed by § 1225(b)(1).  (*See* ECF No. 6 at 3-4).

---

[2] *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (noting district judges "have always been expected to apply their 'judgment' *independent* of the political branches when interpreting the laws those branches enact." (emphasis in original)).

20.    In any event, the decisions cited by Petitioner do not bind the Department of Homeland Security or Immigration and Customs Enforcement outside of their interactions with the filing parties.

21.    This Court concluded that 8 U.S.C. § 1226 governed Petitioner's detention rather than § 1225 because the Notice to Appear attached to the immigration judge's order identified Petitioner as a noncitizen who was "*present* in the United States who has not been admitted or paroled." (ECF No. 1-1 at 1 (emphasis added)).  "That language aligns with § 1226(a), not § 1225(b)(1)."  (ECF No. 8 ¶ 10).

22.    Other courts have agreed with *Matter of M-S-* and found that noncitizens are still subject to mandatory detention without bond after a credible fear finding.  *See Giri v. Lyons*, No. 5:26-cv-00149, __ F. Supp. 3d __, 2026 WL 1361557, at *2 (S.D. Tex. May 12, 2026) (noting that "Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), which states that if an immigration officer finds a credible fear of persecution during the Expedited Removal process, [a noncitizen] 'shall be detained for further consideration of the application for asylum.'"); *Arcos Tasigchana v. Soto*, No. 25-cv-18252, 2026 WL 266170, at *2 (D.N.J. Feb. 2, 2026)  (finding mandatory detention for noncitizen who was "subject to an initial expedited removal determination, provided a credible fear interview, and then referred for removal proceedings once a credible fear was established"); *Pipa-Aquise v. Bondi*, No. 1:25-cv-01094, 2025 WL 2490657, at *2 (E.D. Va. Aug. 5, 2025) ("Section 1225(b) provides for *mandatory* detention pending an asylum application." (emphasis in original)).

23.    "Although a single court decision is not itself proof positive of substantial justification, that the Government's position has produced favorable decisions by other federal courts and administrative courts is an 'objective indicia' of substantial justification." *Gjergj G.*,

5

2019 WL 3245104, at *2 (quoting *Pierce v. Underwood*, 487 U.S. 552, 569 (1988)); *see also Michel v. Mayorkas*, 68 F.4th 74, 80 (1st Cir. 2023) ("[A] string of court decisions going either way can indicate that the government's position is substantially justified." (internal quotation marks omitted)).

24.     The statutory interpretation of immigration statutes is rapidly evolving.  Therefore, this Court cannot say that respondents' position was unjustified.  *Michel*, 68 F.4th at 78 ("When the issue is a novel one with little to no precedent, courts have been hesitant to find the government's position not substantially justified.")

25.     Therefore, this Court will deny the Motion.

26.     An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: June 16, 2026

6